UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER ROSSITER | Case Number |
| Plaintiff | |
| vs. | CIVIL COMPLAINT |
| MIDLAND FUNDING, LLC | JURY TRIAL DEMANDED |
| Defendant | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Christopher Rossiter, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.   Plaintiff, Christopher Rossiter, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the South Carolina Fair Debt Collection Practices Act, Section 37, et.seq., both of which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.   JURISDICTION

2.   Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.	Venue in this district is proper in that Defendant has an address in this district and transacts business in this District.

### III.  PARTIES

4.	Plaintiff, Christopher Rossiter, is an adult natural person residing at 6 Kingston Trace Court, Columbia, SC 29229.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.	Defendant, Midland Funding, LLC, at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt in the Commonwealth of Pennsylvania and the State of South Carolina, with a primary location at 8875 Aero Drive, #200, San Diego, CA 92123 and a Pennsylvania address of P.O. Box 603, Oaks, PA 19456.

6.	Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7.	In or around April, 2011, Plaintiff discovered on his credit report that a default judgment had been obtained by the Defendant against him in the amount of $2,028.63 on or about October 18, 2010 for a debt allegedly owed to Citibank.

8.	Up until that time, Plaintiff had been unaware that the Defendant had begun any legal proceedings against him.

9.	Plaintiff states he doesn't recall having a Citibank account.

10. Plaintiff later found out that the Defendant had "served" court papers on or about August 24, 2010 to Plaintiff's address in Lafayette, Indiana. **See "EXHIBIT A" (Docket Record) attached hereto**.

11. Plaintiff however moved from Lafayette, Indiana to Columbia, South Carolina in January, 2010, almost eight (8) months earlier.

12. On or about May 11, 2011, Plaintiff's wife received a call from Defendant's agent, "Consuelos Mathews", looking for her husband in regards to the Citibank account.

13. That same day, Plaintiff called back and spoke with Defendant's agent, "Consuelos Mathews", directly.

14. Defendant's agent, "Consuelos Mathews", immediately transferred the Plaintiff's call to another agent by the name of "Ashur Peyour" at extension 33963.

15. Plaintiff tried to explain to Defendant's agent, "Ashur Peyour", that he had just become aware of this matter after reviewing his credit report.

16. Plaintiff requested verification of the aforementioned debt.

17. Defendant's agent, "Ashur Peyour", replied to Plaintiff that it was too late for that because the judge had already ruled in the case when Plaintiff did not appear in court.

18. Plaintiff again tried to explain that he did not appear in court because he was unaware of the case due to the court papers being sent to Plaintiff's old address.

19. Defendant's agent, "Ashur Peyour", demanded that Plaintiff set up payment arrangements immediately.

20. Plaintiff ended the call.

21. On or about May 13, 2011, the sheriff's office in Tippecanoe County confirmed with the Plaintiff that the court papers from Defendant were left at the front door of Plaintiff's Indiana address and that there was no record on file of a signature on delivery.

22. Tippecanoe County also mailed a copy of Defendant's court papers to Plaintiff's old address in Indiana, the county however does not send anything out certified mail, so there is also no receipt of the delivery.

23. To date, Plaintiff has not received verification from the Defendant.

24. Defendant continues to call the Plaintiff demanding payment on this debt.

25. Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

26. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

27. At all times pertinent hereto, Defendant were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

28. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

29. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

30. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

31. Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I – FDCPA

32. The above paragraphs are hereby incorporated herein by reference.

33. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

34. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§§1692d: Any conduct that natural consequence of which is to harass, oppress or abuse any person

§§1692d(5): Caused the phone to ring or engaged any person in telephone conversations repeatedly

§§1692e: Any other false, deceptive or misleading representation or means in connection with the debt collection

§§1692e(2): Character, amount, or legal status of the alleged debt

§§1692e(10): Any false representation or deceptive means to collect a debt or obtain information about a consumer

§§1692f: Any unfair or unconscionable means to collect or attempt to collect the alleged debt

§§1692g: Failure to send the consumer a 30-day validation

§§1692i(a)(2): Brought any legal action in a location other then where the consumer resides

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Midland Funding, LLC, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### Violations of the South Carolina Fair Debt Collection Practices Act

### Section 37 et.seq. Unconscionability; Inducement by Unconscionable Conduct

35. Plaintiff hereby adopts, re-allege and incorporate by reference all allegations set forth above as fully rewritten here.

36. In its attempt to collect the aforementioned alleged debt, Defendant violated the above act in one or more of the following ways:

(b) Communicating with the consumer or a member of his family at frequent intervals during a twenty-four hour period or at unusual hours or under other circumstances so that it is a reasonable

inference that the primary purpose of the communication was to harass the consumer. The term 'communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium.

A creditor or debt collector may not:

    (vii)    cause a telephone to ring repeatedly during a twenty-four hour period or engage any person in a telephone conversation with intent to annoy, abuse, or harass any person at the called number;

(c)    Using fraudulent, deceptive, or misleading representations in connection with the collection of a consumer credit transaction.

Such false representations shall include:

    (i)    the character, amount, or legal status of any debt;

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Midland Funding, LLC, for the following:

a.    Actual damages;

b.    Statutory damages pursuant to SCFDCPA §37-5-108

c.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.    Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                          Respectfully submitted,

                                          **WARREN & VULLINGS, LLP**

Date:  May 20, 2011                **BY:** */s/ Bruce K. Warren BKW4066*
                                              Bruce K. Warren, Esquire

                                          **BY:** */s/ Brent F. Vullings BFV8435*
                                              Brent F. Vullings, Esquire

                                          Warren & Vullings, LLP
                                          93 Old York Road, Suite 33
                                          Jenkintown, PA 19046
                                          215-745-9800   Fax 215-745-7880
                                          Attorneys for Plaintiff